Receipt Number
5. 1865

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Exhibits A-C

ETHAN BRADLEY, ADVISORS, LLC,
A Michigan limited liability company,

Plaintiff,

v.

PERITUS I ASSET MANAGEMENT, LLC,
A California limited liability company,

Defendant.

_____/

Case: 2:08-cv-10768
Judge: Cox, Sean F
Referral MJ: Whalen, R. Steven
Filed: 02-25-2008 At 01:26 PM
REM ETHAN BRADLEY ADVISORS V. PETRT
IUS I ASSET MGMT (TAM)

HARDY, LEWIS & PAGE, P.C.
Peter R. Sarkesian (P32559)
Michael S. Clawson (P35728)
Attorneys for Plaintiff
401 S. Old Woodward Avenue, Ste. 400
Birmingham, MI 48009
(248) 645-0800

SULLIVAN & LEAVITT, P.C.
Paul E. Robinson (P39327)
Attorneys for Defendant
P O Box 5490
Northville, MI 48167
(248) 349-3980

_____/

## DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 USC 1446(b)

To:    Clerk of the Oakland County Circuit Court          Michael S. Clawson, Esq.
       1200 N. Telegraph Rd.                              401 S. Woodward, Ave. Ste 400
       Pontiac, MI 48341-0404                             Birmingham, MI 48009

PLEASE TAKE NOTICE that Defendant, Peritus I Asset Management, LLC ("Peritus"),

by its attorneys, The Law Offices of Sullivan & Leavitt, P.C., hereby removes Ethan Bradley

Advisors, LLC. v. Peritus I Asset Management, LLC Case No. 08-088787 CK, currently pending

in the Oakland County Circuit Court to the United States District Court for the Eastern District of Michigan, Southern Division. The basis for removal is set forth below:

1. Plaintiff Ethan Bradley Advisors, LLC ("Ethan Bradley") filed litigation in the Oakland County Circuit Court on January 23, 2007, seeking a declaratory judgment that the State of Michigan is the proper venue for an arbitration proceeding currently pending between Peritus, as Plaintiff, and Ethan Bradley, as Defendant, in the State of California filed under the rules of the American Arbitration Association. (See copy of Summons and Verified Complaint for Declaratory Judgment attached as Exhibit A, which documents constitute all process and pleadings received by Peritus, and of which Peritus has notice).

2. The Verified Complaint was served on Peritus in the State of California on Monday, January 28, 2008.

3. This Notice of Removal is being filed within 30 days after receiving notice of the Complaint or otherwise as required by 28 USC 1446 (b).

4. This Court has jurisdiction over this case based upon federal question pursuant to 28 USC 1331.

5. The underlying contract between Ethan Bradley and Peritus is a solicitation agreement wherein Ethan Bradley agreed to provide services to introduce prospective investment and advisory clients to Peritus. (See Solicitation Agreement attached as Exhibit B).

6. Paragraph 9 of the Solicitation Agreement provides that in the event of a dispute between Ethan Bradley and Peritus, a dispute will be resolved through arbitration proceedings filed under the rules of the American Arbitration Association.

2

7. Paragraph 9 further provides that in the event an arbitration proceeding is initiated by Peritus, the proper venue would be the State of California and if initiated by Ethan Bradley, the proper state of venue would be Michigan.

8. The Solicitation Agreement is between parties of foreign states and involves interstate commerce. Therefore, any dispute involving the arbitration provision of the Solicitation Agreement is to be resolved under the Federal Arbitration Act, 9 USC 1 et. seq.

9. Peritus initiated arbitration pursuant to the provisions of the Solicitation Agreement and, as Plaintiff, filed the proceeding in the State of California.

10. Ethan Bradley moved the American Arbitration Association sitting in California to change venue from California to Michigan but such request was denied. (See letter denying request for change of venue issued by the American Arbitration Association and attached as Exhibit C).

11. After its Motion for Change of Venue was denied by the American Arbitration Association, Ethan Bradley filed the Verified Complaint attached as Exhibit A to this Petition for Removal in the Oakland County Circuit Court seeking a declaratory judgment that the American Arbitration Association's ruling denying a Motion for Change of Venue is improper.

12. Peritus now files its Petition for Removal asserting the question presented arises under Federal Law pursuant to the American Arbitration Act 9 USC 1 et. seq.

13. Peritus, being the only Defendant, has consented to this Notice of Removal.

14. No similar relief has been sought by any party to this matter.

15. The prerequisites for Removal under 28 USC 1441 have been met.

16. Written notice of the filing of this Notice of Removal will be given to the adverse party and will be filed with the Oakland County Circuit Court.

3

17. The allegations of this notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

18. Defendant files this Notice of Removal and removes this civil action to the United States District Court for the Eastern District of Michigan, Southern Division. Plaintiff is notified no further action shall be taken in the Oakland County Circuit Court Case No. 08-088787 CK unless or until the case should be remanded by order of the United States District Court for the Eastern District of Michigan, Southern Division.

Respectfully submitted,

SULLIVAN & LEAVITT, P.C.

*Paul E. Robinson*

Paul E. Robinson (P39327)
Attorneys for Defendant
P O Box 5490
Northville, MI 48167
(248) 349-3980

Dated: February 25, 2008

4



_/21/2008 15:23 818-789-3391 LAW OFFICES PAGE 03/08
02/04/2008 01:46 7208702555 DESMOND FAX PAGE 01/07

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>6ᵗʰ    JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | OAKLAND COUNTY   08-088787-CK<br><br>JUDGE SHALINA KUMAR<br>ETHAN BRADLEY v PERITUS I ASS |

Court Address
1200 North Telegraph Road, Pontiac, MI 48341                           (248) 858-1000

| Plaintiff name(s), address(es) and telephone no(s). | | Defendant name(s), address(es), and telephone no(s). |
| --- | --- | --- |
| Ethan Bradley Advisors, LLC, a Michigan Limited Liability Company | v | Peritus I Asset Management, LLC<br>c/o Dave Desmond<br>26 West Anapamu<br>Third Floor<br>Santa Barbara, CA 93101 |
| Plaintiff attorney, bar no., address, and telephone no.<br><br>Michael S. Clawson (P35728)<br>401 S. Old Woodward Avenue, Suite 400<br>Birmingham, Michigan 48009<br>(248) 645-0800 | | |

**SUMMONS NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan, you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued   JAN 23 2008 | This summons expires   APR 2 3 2008 | Court clerk RUTH JOHNSON |

*This summons is invalid unless served on or before its expiration date.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
_ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
__ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ___ remains ___ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge |
| --- | --- |
| | |

**General Civil Cases**
X There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
____ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in Oakland County Circuit Court.
The action ___ remains ___ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge |
| --- | --- |
| | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
| --- | --- |
| Oakland County, Michigan | California |
| Place where action arose or business conducted | |
| Oakland County, Michigan | |

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

January 21, 2008

Date                      Signature of attorney/plaintiff MICHAEL S. CLAWSON (P35728)

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

MC 01 (9/98) SUMMONS AND COMPLAINT            MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206'A

2/21/2008  15:23  818-789-3391          LAW OFFICES                        PAGE  04/08
02/04/2008  01:46  7208702555         DESMOND FAX                        PAGE  02/07

08-088787-CK

JUDGE SHALINA KUMAR
ETHAN BRADLEY  v  PERITUS I ASS

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

ETHAN BRADLEY ADVISORS, LLC,
a Michigan Limited Liability Company,

        Plaintiff,

vs.                                   Case No. 08-        -CK
                                        HON.

PERITUS I ASSET MANAGEMENT, LLC,

        Defendant.

_____/

Peter R. Sarkesian (P32559)
Michael S. Clawson (P35728)
Attorneys for Plaintiff
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0800

_____/

RECEIVED FOR FILING
OAKLAND COUNTY CLERK

2008 JAN 23  A 9: 07

BY: _____
DEPUTY COUNTY CLERK

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

Michael S. Clawson (P35728)

NOW COMES Plaintiff, Ethan Bradley Advisors, LLC, through its undersigned counsel, and for its Complaint for Declaratory Judgment, states as follows:

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
1 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-5829

(248) 645-0800

## PARTIES

1.)     Ethan Bradley Advisors, LLC, hereinafter referred to as "EBA", is a Michigan Limited Liability Company with its principal office in Troy, Michigan. EBA is an investment company which transacts business throughout Oakland County.

2.)     Peritus I Asset Management, LLC, hereinafter referred to as "Peritus", is, based upon information and belief, a California Limited Liability Company, which transacts business in Oakland County and specifically with the City of Pontiac General Employees Retirement Police and Fire Retirement System Pension Fund, hereinafter referred to as the "Pension Fund".

## JURISDICTION AND VENUE

3.)     This Complaint seeks a Declaratory Judgment surrounding an Arbitration provision in effect between the parties and is otherwise within the jurisdiction of this Court.

4.)     Venue is appropriate in Oakland County as all parties are located or transact business here and the contract which gives rise to this matter was executed in Oakland County.

## COMMON ALLEGATIONS

5.)     On or about September 28, 2006, EBA and Peritus entered into a Solicitation Agreement in Troy, Michigan. A copy of the Agreement is attached hereby as Exhibit A and incorporated herein by reference.

6.)     Pursuant to the Agreement, EBA was to be paid fifty (50) basis points of gross revenues generated by clients referred by EBA to Peritus.

7.)     In September, 2006, EBA referred the City of Pontiac General Employees Retirement Police and Fire System Pension Plan to Peritus. Peritus was to act as the investment advisor for the Pension Fund.

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
11 S. OLD WOODWARD AVE.
SUITE 400
BMINGHAM, MI 48009-6029

(240) 645-0900

2

2/21/2008   15:33   818-789-3391   LAW OFFICES   PAGE   03/03
02/04/2008   01:46   7208702555   DESMOND FAX   PAGE   04/07

8.)     Under the Solicitation Agreement, Peritus was bound to pay EBA its fees which amounted to more than $125,000.00 per year.

9.)     In the fall of 2007, Peritus arbitrarily stopped paying EBA its fees under the Contract.

10.)    Section 9 of the Solicitation Agreement provides that all controversies arising between the parties shall be determined by Arbitration.

11.)    Section 9.2 of the Agreement provides as follows:

> The Parties agree that any Arbitration under this Agreement shall be held at the facilities of and before the American Arbitration Association at its Southfield, Michigan location, if action is brought by EB Advisors or at its Los Angeles, California location if action is brought by Peritus.

12.)    On or about November 20, 2007, Peritus initiated a Claim for Arbitration on behalf of EBA, its opposing party, with the American Arbitration Association at its regional office located in Fresno, California, which states that EBA may be entitled to some money from Peritus. A copy of the Claim is attached hereto as Exhibit B and incorporated herein by reference.

13.)    Peritus filed this claim after counsel for EBA had indicated in a telephone conversation prior to November 20, 2007 that EBA would be filing a claim for Arbitration in Southfield, Michigan.

14.)    The Claim filed by Peritus attempts to assert a claim for damages on behalf of EBA as a result of Peritus' breach of the Agreement rather than a claim for damages on behalf of Peritus. Peritus does not make any claims for damages on its own behalf.

15.)    Subsequent to the Arbitration Claim, EBA, though their counsel, contacted the California office of the American Arbitration Association seeking clarification on how Peritus could file the Claim in California on behalf of EBA and to request the Arbitration proceeding be moved to its Southfield, Michigan office.

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
51 S. OLD WOODWARD AVE,
SUITE 400
BIRMINGHAM, MI 48009-0828
(248) 645-0800

3

16.)  The American Arbitration office in California declined EBA's request but did indicate that the Arbitration Claim would be relocated to Michigan if a Court Order was issued clarifying the Arbitration clause or simply declaring Michigan as the proper locale.

## REQUEST FOR RELIEF

17.)  Pursuant to Paragraph 9.2 of the Solicitation Agreement, Michigan is the proper location for the Arbitration proceeding based upon the following:

a.)  The Demand for Arbitration filed by Peritus asserts a claim for damages on behalf of EBA, a claim which can only be raised by EBA and pursuant to Section 9.2 of the Agreement mandates Michigan as the proper location.

b.)  All of the witnesses, documents and the client and account over which this dispute arises are located in Oakland County, Michigan which mandates that any action be filed here pursuant to Michigan's Venue Statute.  MCL §600.1621..

c.)  The Solicitation Agreement which governs any dispute between the parties was wholly performed in Michigan.

d.)  The Contract specifies at Paragraph 10.6 that Michigan law shall govern the interpretation and enforcement of the Agreement.

e.)  Peritus' only reason for filing a claim in California was to pre-empt EBA from filing it's claim in Oakland County, Michigan.

f.)  The claim filed by Peritus states no cause of action or damages on its own behalf.

g.)  Peritus has no standing to raise a claim on behalf of EBA.

WHEREFORE, Plaintiff requests this Honorable Court enter an Order for Declaratory Judgment providing that:

a.)  Peritus has no standing to raise a Claim on behalf of EBA;

b.)  Any claim for damages based upon Peritus' breach of the parties' Agreement must be raised by EBA because Peritus has not properly raised all the elements of EBA's claim;

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
)1 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6628

(248) 642-0000

4

c.)   Any such claim must be handled through the American Arbitration Association in Southfield, Michigan;

d.)   Venue is appropriate in Michigan as all parties conduct business here, all witnesses are located here, all documents are located here, Michigan law shall apply and Peritus has failed to state its own cause of action;

e.)   Award such other relief as this Court deems appropriate.

Respectfully submitted,

HARDY, LEWIS & PAGE, P.C.

By: _____

Michael S. Clawson (P35728)
Attorneys for Plaintiff
401 South Old Woodward - Ste. 400
Birmingham, Michigan 48009
(248) 645-0800

Dated:  January 21, 2008

## VERIFICATION

The allegations set forth in the above stated Complaint are true and accurate to the best of my knowledge, information and belief.

_____
Ralph Binggeser   w/permission
Ethan Bradley Advisors, LLC

00203767.WPD

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
31 S. OLD WOODWARD AVE.
SUITE 400
IRMINGHAM, MI 40009-6629

(248) 645-0800

claim;

c.) Any such claim must be handled through the American Arbitration Association in Southfield, Michigan;

d.) Venue is appropriate in Michigan as all parties conduct business here, all witnesses are located here, all documents are located here, Michigan law shall apply and Peritus has failed to state its own cause of action;

e.) Award such other relief as this Court deems appropriate.

Respectfully submitted,

HARDY, LEWIS & PAGE, P.C.

By: _____
Michael S. Clawson (P35728)
Attorneys for Plaintiff
401 South Old Woodward - Ste. 400
Birmingham, Michigan 48009
(248) 645-0800

Dated: January 21, 2008

## VERIFICATION

The allegations set forth in the above stated Complaint are true and accurate to the best of my knowledge, information and belief.

_____
Ralph Binggeser
Ethan Bradley Advisors, LLC

00203767.WPD

5



## SOLICITATION AGREEMENT

This agreement ("Agreement") is made as of September 28, 2006, between Peritus I Asset Management, LLC, a California limited liability company ("Peritus"), and Ethan Bradley Advisors, LLC, a Michigan limited liability company ("EB Advisors" and together with Peritus, the "Parties" and either of them a "Party").

1.      Term of Contract.

        1.1     Term. This Agreement will become effective on the date stated above and will continue in effect until terminated as provided in this Agreement.

2.      Services to be Performed by EB Advisors.

        2.1     Specific Duties and Services. EB Advisors agrees to assist Peritus in raising assets for separate account management.

                (a)     Engagement as Solicitor. Peritus is engaging EB Advisors, on a non-exclusive basis, to further Peritus' business by introducing Peritus to prospective clients. Peritus will decide in its sole discretion whether to enter into an investment advisory agreement with any prospective client EB Advisors introduces to Peritus and Peritus may decline to do so for any reason.

                        (i)     EB Advisors will introduce Peritus to prospective clients only in those jurisdictions in which EB Advisors may legally do so.

                        (ii)    EB Advisors will act solely as a "finder" in connection with introducing prospective investment advisory clients to Peritus, as an independent EB Advisors and not as Peritus' agent. EB Advisors is not authorized to represent Peritus or otherwise act on Peritus' behalf or enter into any obligations or commitments for Peritus or on Peritus' behalf. In particular, EB Advisors is not authorized to pay any other person or entity to solicit clients for Peritus. Except to the extent that Peritus is required by law to supervise EB Advisors' activities, EB Advisors will have full control over the manner, means, methods, times and places by or at which EB Advisors performs services under this Agreement. EB Advisors shall, and hereby represents and warrants to Peritus that EB Advisors will, perform all services contemplated herein in full compliance with all applicable laws and regulations. EB Advisors hereby represents and warrants that EB Advisors has, and will maintain during the term of this Agreement, all licenses, registrations and other qualifications, including any state qualifications, required to permit EB Advisors legally to perform all services contemplated herein.

                        (iii)   EB Advisors will not (i) make, publish or distribute any advertisement or other document referring or relating to our relationship or (ii) use or display the name, "Peritus," "Peritus I Asset Management, LLC," or any related logos,

trademarks, service marks or trade names in any manner, without Peritus' prior specific written approval.

(iv) Prior to EB Advisors' solicitation hereunder of any prospective client, EB Advisors shall submit the identity and location of such prospective client to Peritus, and Peritus shall notify EB Advisors as promptly as practicable thereafter whether or not Peritus consents to EB Advisors' solicitation of such prospective client. EB Advisors shall also provide Peritus with such other information about such prospective client as Peritus may reasonably request.

(b) Other Duties of EB Advisors.

(i) EB Advisors will, upon prospective clients opening accounts with Peritus, render continuous and regular marketing and client relationship services with respect to such accounts and clients;

(ii) EB Advisors will exercise, through Peritus and on behalf of such accounts, all supervisory rights and privileges and other incidents of oversight with respect to the interest of such accounts in investments.

(iii) EB Advisors shall provide the services under this Agreement in accordance with all applicable laws, rules and regulations.

(c) Conformity with Advisers Act. EB Advisors will perform its services hereunder in a manner that complies with the applicable provisions of the Investment Advisers Act of 1940, as amended (the "Advisers Act"), and the rules thereunder and all other applicable federal or state laws and regulations.

(i) EB Advisors shall maintain in a complete and accurate manner all records required by applicable laws and regulations to act as investment adviser to the Accounts hereunder. EB Advisors shall preserve the records required by Rule 204-2 under the Advisers Act, for the periods specified in such Rule.

(ii) Provision of Peritus Brochure. EB Advisors will provide to each prospective client EB Advisors solicits for separate account management a copy of Part II of Peritus' current Form ADV (the "Brochure") and will obtain from each such prospective client that agrees to become a client of Peritus a signed and dated acknowledgment of receipt of the Brochure.

(iii) Provision of Solicitor's Disclosure Statement. EB Advisors will provide to each prospective client it solicits a copy of a Solicitor's Disclosure Statement in the form attached as Exhibit A, and EB Advisors will obtain from each such prospective client that agrees to become a client of Peritus a signed and dated acknowledgment of receipt thereof in the form included in Exhibit A.

     (iv) Qualification of EB Advisors. EB Advisors represents that EB Advisors (1) is not subject to an order issued by the Securities and Exchange Commission (the "Commission") under Section 203(f) of the Advisers Act, (2) has not been convicted within the previous ten years of any felony or misdemeanor involving conduct described in Section 203(c) (2) (A)-(D) of the Advisers Act, (3) has not been found by the Commission to have engaged, and has not been convicted of engaging, in any of the conduct specified in paragraphs (1), (5) or (6) of Section 203(e) of the Advisers Act, (4) is not subject to an order, judgment or decree described in Section 203(e)(4) of the Advisers Act, and (5) is qualified or licensed to perform the services contemplated herein under all applicable laws and regulations. Copies of the applicable provisions of the Advisers Act are attached as Exhibit B. EB Advisors will promptly notify Peritus if any of these representations become untrue and will promptly return to Peritus any payments made to EB Advisors hereunder after that time.

     (d) Conformity with Banking Rules and Regulations. EB Advisors will perform its services hereunder in a manner that complies with (i) all applicable rules and regulations of the Federal Deposit Insurance Commission ("FDIC"), the Federal Reserve Board ("FRB") and/or the Office of the Comptroller and Currency ("OCC"), (ii) all applicable Interagency Statements and (iii) all applicable state banking laws and regulations.

     (i) EB Advisors will ensure that, for the term of this Agreement, only those employees and representatives who are qualified to participate in activities relating to Nondepository Investment Products ("NDIP"), as defined in Federal Banking Law Report (CCH) P 70-101, will act on behalf of EB Advisors with respect to the services contemplated by this Agreement.

     (ii) EB Advisors will establish and maintain policies and procedures that contain, among other things: (i) a description of the responsibilities of its employees and representatives authorized to participate in activities relating NDIPs, (ii) a description of any appropriate and inappropriate referral activities and the training requirements and compensation arrangements with respect to such employees and representatives and (iii) a description of procedures designed to ensure compliance with the rules and regulations of the FDIC, FRB and/or OCC.

     (iii) EB Advisors will fully inform prospective clients about NDIP risks and differentiate NDIPs from insured deposits, including, but not limited to, advising such prospective clients that NDIPs are (i) not insured by the FDIC, (ii) are not deposits or other obligations of EB Advisors and (iii) are subject to investment risks, including possible loss of principal invested.

     (e) Conformity with Regulation S-P. EB Advisors represents that its privacy policy (the "Privacy Policy"), prepared in accordance with Regulation S-P adopted by the Securities and Exchange Commission on June 22, 2000 and as amended from time to time, permits EB Advisors to enter into this Agreement and perform the

services contemplated therein (*i.e.,* share nonpublic personal information respecting its customers with nonaffiliated third parties).

(f) Duty of Care. EB Advisors shall discharge its duties under this Agreement with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aim.

2.2 Method of Performing Services. Although EB Advisors will determine the method, details, and means of performing the above-described services, EB Advisors will coordinate all efforts under this Agreement with Peritus and comply with applicable Peritus policies and procedures.

2.3 Status of EB Advisors. EB Advisors enters into this Agreement, and will remain throughout the term of this Agreement, as an independent EB Advisors. EB Advisors agrees that it is not and will not become an employee, partner, agent, or principal of Peritus while this Agreement is in effect. EB Advisors agrees that it is not entitled to the rights or benefits afforded to Peritus' employees, including disability or unemployment insurance, workers' compensation, medical insurance, sick leave, or any other employment benefit. EB Advisors is responsible for providing, at its own expense, disability, unemployment, and other insurance, workers' compensation, training, permits, and licenses.

2.4 Payment of Income Taxes. EB Advisors is responsible for paying when due all income taxes, including estimated taxes, incurred as a result of the compensation paid by Peritus to EB Advisors for services under this Agreement. On request, EB Advisors will provide Peritus with proof of timely payment. EB Advisors agrees to indemnify Peritus for any claims, costs, losses, fees, penalties, interest, or damages suffered by Peritus resulting from EB Advisors' failure to comply with this provision.

3. Compensation.

3.1 Schedule of Payments. During the term of this Agreement, Peritus agrees to pay EB Advisors based on gross advisory account revenues generated from EB Advisors' efforts according to the compensation schedule attached to this Agreement as Exhibit C and incorporated into this Agreement by reference.

4. Obligations of EB Advisors.

4.1 Non-Exclusive Relationship. Subject to Article 8, EB Advisors may represent, perform services for, and contract with additional clients, persons, or companies.

4.2     Time and Place of Performing Work. EB Advisors may perform the services under this Agreement at any suitable time and location it chooses.

4.3     Assignment. Neither this Agreement nor any duties or obligations under this Agreement may be assigned by EB Advisors without the prior written consent of Peritus, which consent Peritus may withhold in its absolute discretion.

5.      Obligations of Peritus.

5.1     Conformity with Investment Advisory Rules and Regulations. Peritus will perform its services hereunder in a manner that complies with all applicable rules and regulations with respect to its investment advisory duties.

5.2     Non-Exclusive Relationship. Peritus may engage other persons to perform the same solicitation services EB Advisors is to perform hereunder.

5.3     Cooperation of Peritus. Peritus agrees to cooperate with EB Advisors in complying with all reasonable requests of EB Advisors and provide access to all documents reasonably necessary to the performance of EB Advisors' duties under this Agreement.

5.4     Assignment. Neither this Agreement nor any duties or obligations under this Agreement may be assigned by Peritus without the prior written consent of EB Advisors.

6.      Indemnification.

6.1     Indemnity. Each Party (in the capacity contemplated by this Section 6.1, an "Indemnifying Party") shall indemnify and hold harmless the other Party and the directors, officers, and employees of the other Party (any such person, an "Indemnified Party") against any loss, liability, claim, damage, or expense (including the reasonable cost of investigating and defending any alleged loss, liability, claim, damage, or expense and reasonable counsel fees incurred in connection therewith) as a result of a breach by the Indemnifying Party of any representation or agreement contained in this Agreement.

If indemnification is to be sought hereunder, then the Indemnified Party shall promptly notify the Indemnifying Party of the assertion of any claim or the commencement of any action or proceeding in respect thereof; provided, however, that the failure to so notify the Indemnifying Party shall not relieve the Indemnifying Party from any liability that it may otherwise have to the Indemnified Party, provided such failure shall not affect in a material adverse manner the position of the Indemnifying Party or the Indemnified Party with respect to such claim. Following such notification, the Indemnifying Party may elect in writing to assume the defense of such action or proceeding and, upon such election, it shall not be liable for any legal costs incurred by

the Indemnified Party (other than reasonable costs of investigation previously incurred) in connection therewith, unless (i) the Indemnifying Party has failed to provide counsel reasonably satisfactory to the Indemnified Party in a timely manner or (ii) counsel that has been provided by the Indemnifying Party reasonably determines that its representation of the Indemnified Party would present it with a conflict of interest.

7.      Termination of Agreement.

7.1      Termination on Notice. Notwithstanding any other provision of this Agreement, either Party may terminate this Agreement at any time by giving at least 30 days' prior written notice to the other Party.

7.2      Termination on Occurrence of Stated Events. This Agreement will terminate automatically on the occurrence of any of the following events:

(i)      Bankruptcy or insolvency of either Party;

(ii)      Death, incapacity or dissolution of EB Advisors; or

(iii)      Assignment of this Agreement by either Party without the consent of the other Party.

7.3      Termination for Default. If either Party defaults in the performance of this Agreement or materially breaches any of its provisions, the non-breaching Party may terminate this Agreement by giving written notification to the breaching Party. Termination will take effect immediately on receipt of notice by the breaching Party or five days after mailing of notice, whichever occurs first. For the purposes of this paragraph, material breach of this agreement includes, but is not limited to, the following:

(i)      Peritus' failure to pay EB Advisors any compensation due within 90 days after written demand for payment;

(ii)      EB Advisors' failure to complete the services specified in Paragraph 2.1 and 2.1.1, above;

(iii)      EB Advisors' material breach of any representation or agreement contained in this Agreement; and

(iv)      Peritus' material breach of any representation or agreement contained in this Agreement.

8.      Proprietary Rights.

8.1      Confidential Information. Any written, printed, graphic, or electronically or magnetically recorded information furnished by Peritus for EB Advisors' use is the sole property of Peritus. This proprietary information includes, but is not

limited to, customer information, customer lists, marketing information, and information concerning Peritus 's employees, products, services, fees, operations and subsidiaries. EB Advisors will keep this confidential information in the strictest confidence, and will not disclose it by any means to any person except with Peritus 's approval, and only to the extent necessary to perform the services under this Agreement. This prohibition also applies to EB Advisors' employees, agents and subs to EB Advisors. On termination of this Agreement, EB Advisors will return any confidential information in his possession to Peritus.

8.2    Non-Solicitation.  For a period of 1 year following the termination of this Agreement, EB Advisors shall not do either of the following: (a) call on, solicit, or in any way seek to take away any clients or potential clients of Peritus or of an affiliate of Peritus which EB Advisors became aware of as a result of performing services under this Agreement; or (b) solicit or hire away any employees or EB Advisors' of Peritus or of an affiliate of Peritus which EB Advisors became aware of as a result of performing services under this Agreement.  For purposes of this Paragraph 8.2, shareholders or investors in any fund or pooled investment vehicle advised or managed by Peritus or an affiliate shall constitute Peritus' clients.

9.    Arbitration.

9.1    The parties agree that this Agreement and all controversies that may arise between Peritus, on the one hand, and EB Advisors, on the other hand, whether occurring prior, on or subsequent to the date of this Agreement, shall be determined by arbitration.  The parties understand that:

(a)    Arbitration is final and binding on the parties;

(b)    The parties are waiving their right to seek remedies in court, including the right to a jury trial;

(c)    Pre-arbitration discovery is generally more limited than and different from court proceedings;

(d)    The arbitrator's award is not required to include factual findings or legal reasoning and any party's right to appeal or to seek modifications or rulings by the arbitrators is strictly limited; and

(e)    The panel of arbitrators will typically include a minority of arbitrators who were or are affiliated with the securities industry

9.2    The parties agree that any arbitration under this Agreement shall be held at the facilities of and before the American Arbitration Association at its Southfield, Michigan location, if action is brought by EB Advisors, or at its Los Angeles, California location if action is brought by Peritus.

9.3     The award of the arbitrators, or of the majority of them, shall be final, and judgments upon the award may be entered in any court, state or federal, having jurisdiction. The parties hereby submit themselves and their personal representatives to the jurisdiction of any state or federal court for the purpose of such arbitration and entering such judgment.

9.4     Any forbearance to enforce an agreement to arbitrate shall not constitute a waiver of any rights under this Agreement except to the extent stated herein.

10.     Miscellaneous Terms.

10.1     No Assignment. Neither party may assign this Agreement, whether voluntarily or by operation of law, nor delegate any of its obligations under this Agreement, without the prior written consent of the other party, which may be withheld in such party's sole and absolute discretion. Subject to the foregoing, this Agreement will be binding on and inure to the benefit of the parties, and their respective successors and permitted assigns.

10.2     Survival. All agreements, representations, warranties and acknowledgements herein shall survive any termination of the Agreement.

10.3     Amendments and Waivers. To be effective, any amendment to this Agreement must be in writing and signed by both parties. Any waiver by a party of a breach or violation, or of the other party's performance, of any provision of this Agreement, to be effective, must be in writing and must be signed by the party purported to have granted such waiver, and no such written waiver will operate as, or be construed to constitute, a waiver of any subsequent performance or subsequent breach or violation, of the same provision or of any breach or violation of any other provision hereof.

10.4     Severability. If any of the terms or provisions of this Agreement or the application thereof to any person or circumstance will be adjudged to any extent invalid or unenforceable by a court of competent jurisdiction, such provision will be construed as narrowly as is necessary to prevent such a finding of invalidity or unenforceability, and each and all of the remaining terms and provisions of this Agreement or their application to other persons or circumstances will not be affected thereby and will be valid and enforceable to the fullest extent permitted by applicable law.

10.5     Interpretation; Headings. This Agreement is the result of arms'-length negotiations between the parties hereto and no provision hereof, because of any ambiguity found to be contained herein or otherwise, will be construed against a party by reason of the fact that such party or its legal counsel was the draftsman of that provision. Unless otherwise indicated elsewhere in this Agreement, (i) the term "or" will not be exclusive; (ii) the term "including" will mean "including, but not limited to," and (iii) the terms "herein," "hereof," "hereto," "hereunder" and other terms of similar import will refer to this Agreement as a whole and not merely to the specific section, subsection,

paragraph or clause where such terms may appear. The section, subsection and any paragraph headings contained herein are for convenience of reference only and are not intended to define or limit or affect, and will not be considered in connection with, the interpretation or application of any of the terms or provisions of this Agreement

10.6    Governing Law. This Agreement shall be governed by, and construed in accordance with, the laws of the State of [Michigan] without giving effect to the conflict of laws principles thereof; provided that, nothing herein shall be construed to preempt, or to be inconsistent with, any federal law, regulation or rule, including, without limitation, the Advisers Act and any rules and regulations promulgated thereunder.

10.7    Notice. Any notice, request, or other communication to be given hereunder ("Notice") will be given in writing, via facsimile and via certified mail, return receipt requested, as follows:

(a)    If to Peritus, to:

Dave Desmond

Chief Operations Officer
Peritus I Asset Management, LLC
26 West Anapamu
Third Floor
Santa Barbara, CA 93101
Phone: (805) 882-1100, ext.23
Fax: (805) 882-1122

(b)    If to EB Advisors, to:

Edgar A. Robie
Managing Director
Ethan Bradley Advisors, LLC
363 W. Big Beaver Rd.
Suite 200
Troy, MI 48084
Phone: (248) 689-0945
Fax:

or to such other address as either party hereto may designate for itself at any time or from time to time hereafter, by a written Notice to the other party hereto given as herein provided, which change of address will be effective on the tenth (10th) day following the giving of such Notice. For purposes hereof, any Notice properly addressed to a party, as hereinabove provided, will be deemed to have been given to such party: (i) when actually received by that party, if personally delivered, (ii) on the date of

acknowledgement of receipt if sent by facsimile or other wire transmission or by overnight courier to that party, or (iii) three (3) days after being deposited in the U.S. mails, certified mail, return receipt requested, postage prepaid.

10.8   Entire Agreement. This Agreement (inclusive of the Schedules hereto) supersedes all previous agreements and understandings, written or oral, between the parties and pertaining to, and constitutes our entire agreement with respect to, the subject matter hereof.

10.9   Counterparts. This Agreement may be executed in counterparts and by the different parties hereto on separate counterparts, each of which when so executed and delivered, shall be deemed an original and all of which counterparts shall constitute but one and the same agreement.

IN WITNESS WHEREOF, the parties hereto have caused this instrument to be executed as of the day and year first above written.

PERITUS I ASSET MANAGEMENT, LLC

By:

Name: David J. Desmond

Title: COO


ETHAN BRADLEY ADVISORS, LLC

By:

Name: Edgar A. Robie, Jr.

Title: Managing Director

## EXHIBIT A
## SOLICITOR'S DISCLOSURE STATEMENT

Ethan Bradley Advisors, LLC ("Solicitor") and Peritus I Asset Management, LLC ("Peritus") have entered into a written agreement dated September 28. 2006 (the "Solicitation Agreement").

Pursuant to the Solicitation Agreement, Solicitor has undertaken to contact certain individuals and entities which it believes may wish to utilize the investment advisory services of Peritus and to recommend to such individuals and entities that they entertain a proposal for such services by Peritus. Additionally, Solicitor has advised these individuals that, among other things, the investment products offered through Peritus' investment advisory services are (i) not insured by the Federal Deposit Insurance Commission, (ii) not deposits or other obligations of Solicitor and (iii) subject to investment risks, including possible loss of principal invested.

Solicitor serves Peritus as a finder and in connection therewith introduces prospective investment advisory clients to Peritus and assists Peritus in developing client relationships.

Solicitor is not an officer, partner or employee of, or otherwise affiliated with, Peritus and does not render any investment advice or other advice on behalf of Peritus. Solicitor's services to Peritus consist solely of referrals of prospective clients and related activities pursuant to the Solicitation Agreement. Solicitor is not authorized to act in any way on behalf of Peritus except in connection with his or her solicitation activities performed under the Solicitation Agreement, and is not authorized to enter into any agreement or undertaking on behalf of Peritus.

In return for its services under the Solicitation Agreement, Peritus will pay Solicitor a percentage of the gross revenues Peritus receives from advisory clients referred by Solicitor and accepted as clients by Peritus.

No person solicited by Solicitor on behalf of Peritus and which subsequently becomes a client of Peritus will be charged any amount for Solicitor having obtained its account. There is no differential in the amount or level of investment advisory fees being charged to any client, when compared with that customarily offered new clients by Peritus, attributable to the existence of the compensation arrangements between Solicitor and Peritus.

Any person with questions regarding the relationship between Solicitor and Peritus may call Dave Desmond at (805) 882-1100, est. 612.

## ACKNOWLEDGMENT OF RECEIPT:

I hereby acknowledge receipt from Ethan Bradley Advisors, LLC the attached Solicitor's Disclosure Statement and a copy of the Brochure of Peritus I Asset Management, LLC. I received and reviewed such documents at or before the time Ethan Bradley Advisors, LLC first suggested to me that the investment advisory services of Peritus I Asset Management, LLC might be appropriate for me.

_____
Signature of Client

_____
Printed Name of Client

Date: _____

## EXHIBIT B
## SELECTED PROVISIONS OF THE
## INVESTMENT ADVISERS ACT OF 1940

### Section 203. Registration of Investment Advisers.

(e)    Commission, by order, shall censure, place limitations on the activities, functions, or operations of, suspend for a period not exceeding twelve months, or revoke the registration of any investment adviser if it finds, on the record after notice and opportunity for hearing, that such censure, placing of limitations, suspension, or revocation is in the public interest and that such investment adviser, or any person associated with such investment adviser, whether prior to or subsequent to becoming so associated -

(1)    has willfully made or caused to be made in any application for registration or report required to be filed with the Commission under this title, or in any proceeding before the Commission with respect to registration, any statement which was at the time and in the light of the circumstances under which it was made false or misleading with respect to any material fact or has omitted to state in any such application or report any material fact which is required to be stated therein.

(2)    has been convicted within ten years preceding the filing of any application for registration or at any time thereafter of any felony or misdemeanor or of a substantially equivalent crime by a foreign court of competent jurisdiction which the Commission finds -

(A)    involves the purchase or sale of any security, the taking of a false oath, the making of a false report, bribery, perjury, burglary, any substantially equivalent activity however denominated by the laws of the relevant foreign government, or conspiracy to commit any such offense;

(B)    arises out of the conduct of the business of a broker, dealer, municipal securities dealer, investment adviser, bank, insurance company, government securities broker, government securities dealer, fiduciary, transfer agent, foreign person performing a function substantially equivalent to any of the above, or entity or person required to be registered under the Commodity Exchange Act or substantially equivalent statute or regulation;

(C)    involves the larceny, theft, robbery, extortion, forgery, counterfeiting, fraudulent concealment, embezzlement, fraudulent conversion, or misappropriation of funds or securities; or substantially equivalent activity however denominated by the laws of the relevant foreign government; or

(D)    involves the violation of section 152, 1341, 1342, or 1343 or chapter 25 or 47 of title 18, United States Code, or a violation of any substantially equivalent foreign statute.

(3) is permanently or temporarily enjoined by order, judgment, or decree of any court of competent jurisdiction, including any foreign court of competent jurisdiction, from acting as an investment adviser, underwriter, broker, dealer, municipal securities dealer, government securities broker, government securities dealer, transfer agent, foreign person performing a function substantially equivalent to any of the above, or entity or person required to be registered under the Commodity Exchange Act or any substantially equivalent statute or regulation, or as an affiliated person or employee of any investment company, bank, insurance company, foreign entity substantially equivalent to any of the above, or entity or person required to be registered under the Commodity Exchange Act or any substantially equivalent statute or regulation, or from engaging in or continuing any conduct or practice in connection with any such activity, or in connection with the purchase or sale of any security.

(4) has willfully violated any provision of the Securities Act of 1933, the Securities Exchange Act of 1934, the Investment Company Act of 1940, this title, the Commodity Exchange Act, or the rules or regulations under any such statutes or any rule of the Municipal Securities Rulemaking Board, or is unable to comply with any such provision.

(5) has willfully aided, abetted, counseled, commanded, induced, or procured the violation by any other person of any provision of the Securities Act of 1933, the Securities Exchange Act of 1934, the Investment Company Act of 1940, this title, the Commodity Exchange Act, the rules or regulations under any such statutes, or the rules of the Municipal Securities Rulemaking Board, or has failed reasonably to supervise, with a view to preventing violations of the provisions of such statutes, rules, and regulations, another person who commits such a violation, if such other person is subject to his supervision. For the purposes of this paragraph no person shall be deemed to have failed reasonably to supervise any person, if -

(A) there have been established procedures, and a system for applying such procedures, which would reasonably be expected to prevent and detect, insofar as practicable, any such violation by such other person, and

(B) such person has reasonably discharged the duties and obligations incumbent upon him by reason of such procedures and system without reasonable cause to believe that such procedures and system were not being complied with.

(f) The Commission, by order, shall censure or place limitations on the activities of any person associated, seeking to become associated, or, at the time of the alleged misconduct, associated or seeking to become associated with an investment adviser, or suspend for a period not exceeding twelve months or bar any such person from being associated with an investment adviser, if the Commission finds, on the record after notice and opportunity for hearing, that such censure,

placing of limitations, suspension, or bar is in the public interest and that such person has committed or omitted any act or omission enumerated in paragraph (1), (5), (6), or (8) of subsection (e) of this section or has been convicted of any offense specified in paragraph (2) of said subsection (e) within ten years of the commencement of the proceedings under this subsection, or is enjoined from any action, conduct, or practice specified in paragraph (4) of said subsection (e). It shall be unlawful for any person as to whom such an order suspending or barring him from being associated with an investment adviser is in effect willfully to become, or to be, associated with an investment adviser without the consent of the Commission, and it shall be unlawful for any investment adviser to permit such a person to become, or remain, a person associated with him without the consent of the Commission, if such investment adviser knew, or in the exercise of reasonable care, should have known, of such order.

## EXHIBIT C
## COMPENSATION

Peritus will pay EB Advisors based on Peritus' gross revenues from each client account referred by EB Advisors and accepted by Peritus (each a "Covered Account"), according to the following schedule:

- A maximum of 50 basis points of gross revenues actually received by Peritus with respect to each Covered Account after the inception of such Covered Account (the "Inception Date") assuming the client is being billed a minimum of 150 basis points. Each account will be qualified as a referral or a sold account by EB Advisors which, in addition to the total amount of the management fee due Peritus, will determine the ultimate level of compensation to be paid to EB Advisors.

Peritus will pay EB Advisors these amounts within thirty (30) days of Peritus 's actual receipt of revenue from each such Covered Account.

The value of the Covered Accounts shall be based on the quarter-end values of Covered Accounts as reported on the last business day of the calendar quarter in the relevant quarterly billing period.

If this Agreement is terminated pursuant to Article 7 of this Agreement prior to the expiration of the [24 month] period from the Inception Date of any Covered Account, then Peritus will pay EB Advisors in accordance with the above schedule but only as to gross revenues earned by Peritus from such Covered Account through such date of termination that are actually received by Peritus, whether such receipt occurs before or after the date of such termination. Peritus shall make such payments within thirty (30) days of Peritus' actual receipt of revenue from each such Covered Account.

Notwithstanding any other term or provision of this Agreement, EB Advisors shall not be entitled to any revenue under this Agreement for accounts co-managed by Peritus and EB Advisors pursuant to that certain Investment Co-Management Agreement, dated as of 1st day of May, 2006, by and between Peritus and EB Advisors.



508  15:33     818-789-3391           LAW OFFICES                 PAGE  02/03
critical Arbitration 12/20/2007 8:22 PM   PAGE   2/002   Fax Server

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Western Case Management Center*
John M. Bishop
Vice President
Jeffrey Garcia
Assistant Vice President

December 20, 2007

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880 facsimile: 559-490-1919
internet: http://www.adr.org/

### SENT VIA FACSIMILE ONLY

G Brannan
Brannan Law Offices, APC
16501 Ventura Blvd Ste 401
Encino, CA 91436

Peter J. Sarkesian
Hardy, Lewis & Page, P.C.
401 S. Old Woodward Avenue, Suite 400
Birmingham, MI 48009-6629

Re: 72 180 E 01194 07 LOPE
    Peritus I Asset Amagement, LLC
    VS
    Ethan Bradley Advisors, LLC

Dear Parties:

After careful consideration of the parties' contentions, the Association has determined the administration of this matter shall be conducted by the Western Case Management Center and hearings will be held in Los Angeles, California in accordance with the parties contract.

As a reminder, an administrative conference call is scheduled for December 21, 2007 at 11:00 a.m. pacific time.

Please call with any questions.

Sincerely,
/s/
Lorena P. Garcia
Senior Case Manager
559 650 8058
GarciaL@adr.org

*Supervisor Information: Harry L Hernandez, 559 490 1853, Hernandezh@adr.org*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ETHAN BRADLEY, ADVISORS, LLC,
A Michigan limited liability company,

        Plaintiff,

v.

PERITUS I ASSET MANAGEMENT, LLC,
A California limited liability company,

        Defendant.

_____/

Case: 2:08-cv-10768
Judge: Cox, Sean F
Referral MJ: Whalen, R. Steven
Filed: 02-25-2008 At 01:26 PM
REM ETHAN BRADLEY ADVISORS V. PETRT
IUS I ASSET MGMT (TAM)

HARDY, LEWIS & PAGE, P.C.
Peter R. Sarkesian (P32559)
Michael S. Clawson (P35728)
Attorneys for Plaintiff
401 S. Old Woodward Avenue, Ste. 400
Birmingham, MI  48009
(248) 645-0800

SULLIVAN & LEAVITT, P.C.
Paul E. Robinson (P39327)
Attorneys for Defendant
P O Box 5490
Northville, MI  48167
(248) 349-3980

_____/

## PROOF OF SERVICE

STATE OF MICHIGAN    )
                        ) SS
COUNTY OF OAKLAND   )

On February 25, 2008, Deborah L. Need, being first duly sworn deposes and states that she did serve NOTICE OF FILING NOTICE OF REMOVAL AND DEFENDANT'S NOTICE OF REMOVAL along with this PROOF OF SERVICE to:

HARDY, LEWIS & PAGE, P.C.
Peter R. Sarkesian, Esq.
Michael S. Clawson, Esq.
401 S. Old Woodward Avenue, Ste. 400
Birmingham, MI  48009

by placing same in an envelope and depositing in a U.S. Mail receptacle.

I declare that the above statements are true to the best of my information, knowledge and belief.

DEBORAH L. NEED

2

# CIVIL COVER SHEET

...over sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as ...ocal rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose ...ng the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| .. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Ethan Bradley Advisors, LLC, a Michigan Limited Liability Company | Peritus I Asset Management, LLC. a California Limited Liability Company |

| (b) County of Residence of First Listed Plaintiff   Oakland, Michigan | County of Residence of First Listed Defendant   Santa Barbara, California |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Michael S. Clawson, Esq.<br>401 S. Woodward Avenue, Suite 400<br>Birmingham, MI 48009 (248) 645-0800 | Attorneys (If Known)<br>Paul E. Robinson, Esq. (P39327)<br>P.O. Box 400, Northville, MI 48167<br>(248) 349-3980 |
|---|---|

## II. BASIS OF JURISDICTION (Select One Box Only)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☑ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

*PERSONAL INJURY*
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

*Habeas Corpus:*
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**

Case: 2:08-cv-10768
Judge: Cox, Sean F
Referral MJ: Whalen, R. Steven
Filed: 02-25-2008 At 01:26 PM
REM ETHAN BRADLEY ADVISORS V. PETRT
IUS I ASSET MGMT (TAM)

- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**STATUTES**
- apportionment
- ... Banking
- ...ce
- ...ion
- ... Influenced and ...rganizations
- ...00 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Select One Box Only)

☐ 1 Original Proceeding    ☑ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
9 U.S.C. ss 1 et. seq.

Brief description of cause:
Action to enforce ruling of the American Arbitration Association regarding proper Venue for arbitration proceeding.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE      DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| February 22, 2008 | *Paul E Robinson* |

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

⌐ANT TO LOCAL RULE 83.11

ı.        Is this a case that has been previously dismissed?                    ☐ Yes
                                                                                 ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.        Other than stated above, are there any pending or previously       ☑ Yes
          discontinued or dismissed companion cases in this or any other
          court, including state court? (Companion cases are matters in which  ☐ No
          it appears substantially similar evidence will be offered or the same
          or related parties are present and the cases arise out of the same
          transaction or occurrence.)

If yes, give the following information:

Court:  Oakland County Circuit Court

Case No.:  08-088787-CK

Judge:  Shalina Kumar


Notes :   The State case is the same as the instant case that is subject to the attached Petition for Removal