IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ETHAN BRADLEY, ADVISORS, LLC,
A Michigan limited liability company,

               Plaintiff,

v.

PERITUS I ASSET MANAGEMENT, LLC,
A California limited liability company,

               Defendant.

Case No. 2:08-cv-10768
Judge: Cox, Sean F.

_____/

HARDY, LEWIS & PAGE, P.C.
Peter R. Sarkesian (P32559)
Michael S. Clawson (P35728)
Attorneys for Plaintiff
401 S. Old Woodward Avenue, Ste. 400
Birmingham, MI 48009
(248) 645-0800

SULLIVAN & LEAVITT, P.C.
Paul E. Robinson (P39327)
Attorneys for Defendant
P O Box 5490
Northville, MI 48167
(248) 349-3980

_____/

## DEFENDANT'S MOTION FOR CHANGE OF VENUE

Defendant, Peritus I Asset Management, LLC submits the following Motion for Change

of Venue pursuant to Federal Rule of Civil Procedure 12(b)(3) for the reasons set forth with

more particularity in the Brief in Support of Motion for Change of Venue.

               Respectfully,

               SULLIVAN & LEAVITT, P.C.

               s/ Paul E. Robinson (P39327)
               Attorneys for Defendant
               P O Box 5490
               Northville, MI 48167
               (248) 349-3980

Dated: March 3, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ETHAN BRADLEY, ADVISORS, LLC,
A Michigan limited liability company,

        Plaintiff,

v.

PERITUS I ASSET MANAGEMENT, LLC,
A California limited liability company,

        Defendant.

Case No. 2:08-cv-10768
Judge: Cox, Sean F.

_____/

HARDY, LEWIS & PAGE, P.C.
Peter R. Sarkesian (P32559)
Michael S. Clawson (P35728)
Attorneys for Plaintiff
401 S. Old Woodward Avenue, Ste. 400
Birmingham, MI  48009
(248) 645-0800

SULLIVAN & LEAVITT, P.C.
Paul E. Robinson (P39327)
Attorneys for Defendant
P O Box 5490
Northville, MI  48167
(248) 349-3980

_____/

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION
FOR CHANGE OF VENUE**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ........................................................................................iii

    I.  OVERVIEW .........................................................................................1

    II.  STATEMENT OF UNDISPUTED FACT ...............................................2

    III. DISCUSSION ......................................................................................4

        A.  Under Federal Law When the Parties Agree to Binding Arbitration, Any Ruling by the Arbitrator Regarding the Location of the Proceeding is Binding Unless it is Arbitrary, Unreasonable, or in Manifest Disregard of Prevailing Law. ........................................................................4

        B.  California Has Jurisdiction of Plaintiff's Alleged Claim for Breach of Contract Because the Agreement to Resolve the Dispute in the Forum State of the First Contracting Party to file a Demand for Arbitration was Knowingly Entered into by Plaintiff, is Fair and Reasonable Under the Circumstances and California is Not a Substantially Less Convenient Forum for Resolution of the Dispute to Plaintiff Than Michigan would be to Peritus. ........................................................................8

    IV. CONCLUSION ...................................................................................11

## INDEX OF AUTHORITIES

**CASES**

*Aerojet-General Corporation v. American Arbitration Association*, 478 F. 2d. 248
(9th Cir. 1973) .................................................................................................. 5, 6, 7

*First National Monetary Corp.* v. *Chesney*, 514 F. Supp 649 (1980) ...................... 9

*MJR Intern., Inc. v. American Arbitration Ass'n* Slip Copy, 2007
WL 2781669, S.D.Ohio,2007. September 24, 2007 ............................................ 11

*Moses v. Business Card Express, Inc.*, 929 F. 2d. 1131, 1137
(6th Circuit 1991) (citing *Christianson v. Coat*, 486 US 800, 816 (1988) ............ 7

*Pacific Car & Foundry v. Pence*, 403 F. 2d. 949 (9th Circuit 1968) ...................... 7

*Scherk v. Alberto-Culver Co.*, 417 US 506, 509 N.W. 1, 94 S.Ct. 2449,
2452 N. 1 (1974) .................................................................................................. 4

*Turcheck* v. *Amerifund Financial, Inc.* 272 Mich. App. 341, 350,
725 N.W.2d 684, 690 (Mich.App.,2006) .............................................................. 10

*U.S. Lines, Inc. and Liverpool and London S.S. Protection and Indemnification
Association, Ltd.*, 833 F. Supp. 350, 352 (S.D. NY. 1993) .................................. 5

**STATUTES**

9 USC §1 et. seq. ................................................................................................ 2, 6

FRCP 12(b)(3) .................................................................................................... 2

MCL 600.745(3) .................................................................................................. 8, 9

MCL 600.745(3)(c) .............................................................................................. 9

## I.  OVERVIEW

Plaintiff Ethan Bradley Advisors, LLC ("Ethan Bradley") and Defendant Peritus I Asset Management, LLC ("Peritus") are parties to a solicitation agreement entered into on September 28, 2006 (the "Solicitation Agreement"). (A copy of the Solicitation Agreement is attached as Exhibit A).  Paragraph 9.1 of the Solicitation Agreement requires binding arbitration of any dispute arising between Peritus and Ethan Bradley.  Paragraph 9.2 of the Solicitation Agreement provides that arbitration shall be held in Southfield, Michigan if the claim is brought by Ethan Bradley or in Los Angeles, California if brought by Peritus.

Prior to November 20, 2007 Peritus provided a notice of termination of the Solicitation Agreement to Ethan Bradley.  On November 20, 2007, Peritus filed a Demand for Arbitration seeking a declaratory judgment regarding the parties' rights and responsibilities arising due to the termination of the Solicitation Agreement (a copy of the Demand for Arbitration is attached as Exhibit B).  Peritus filed the Demand for Arbitration in Los Angeles, California in accord with paragraph 9.2 of the Solicitation Agreement.  On November 29, 2007, Ethan Bradley sent a letter to the American Arbitration Association objecting to the placement of venue in Los Angeles, California.  On November 30, 2007, the American Arbitration Association sent correspondence to counsel for Ethan Bradley and Peritus identifying nine different factors the American Arbitration Association would consider in determining proper venue for the arbitration.  The correspondence requested the parties to provide a written submission in accord with the nine factors to support their positions regarding where the proceeding should be held. (A copy of the American Arbitration Association's correspondence of November 30, 2007 is attached as Exhibit C).  On December 13, 2007, counsel for Ethan Bradley filed its position statement supporting its request to change venue to Michigan.  (A copy of Ethan Bradley's position statement is attached

as Exhibit D).     On December 14, 2007, counsel for Peritus filed its position statement supporting why venue for the arbitration should remain in California.  (A copy of Peritus I's Position Statement regarding venue is attached as Exhibit E).   On December 20, 2007, the American Arbitration Association issued its ruling denying the Motion for Change of Venue and holding that venue shall remain in Los Angeles, California. (A copy of the American Arbitration Association's ruling is attached as Exhibit F).

On January 23, 2008, Ethan Bradley filed a Complaint in the Oakland County Circuit Court seeking a declaratory judgment that venue of the arbitration proceedings should be held in Michigan rather than California.  Apparently, Ethan Bradley simultaneously filed a Claim with the American Arbitration Association in Michigan that is essentially identical in nature to the claim filed on November 20, 2007 by Peritus with the American Arbitration Association in California.  Peritus filed a timely Petition for Removal to this Court on the grounds the matter is governed under the Federal Arbitration Act 9 USC §1 et. seq. and law arising thereunder.[1] Peritus now files its timely Motion for Change of Venue pursuant to FRCP 12(b)(3) and requests this Court enter an Order granting the Motion for Change of Venue of this proceeding back to its original location of Los Angeles, California.

## II. STATEMENTS OF UNDISPUTED FACT

The following facts are not in dispute and support Peritus' Motion for Change of Venue:

1.  On or about September 28, 2006 the parties voluntarily entered into the Solicitation Agreement.

---

[1] In the alternative, Peritus I would note that jurisdiction is also available under diversity of citizenship as Plaintiff is a limited liability company formed under the laws of the State of Michigan and maintains its principal place of business in Michigan and Defendant is a limited liability company formed under the laws of California and maintains its place of business in California. Furthermore, the amount in controversy exceeds $75,000.00.

2

2. Plaintiff and Defendant are both business entities with equal bargaining power and the Solicitation Agreement is neither a contract of adhesion nor grossly unfair to either party.

3. Paragraph 9.1 of the Solicitation Agreement provides any dispute between the parties shall be resolved through binding arbitration filed with the American Arbitration Association.

4. Paragraph 9.2 of the Solicitation Agreement provides that arbitration shall be conducted in Los Angeles, California if the claim is initiated by Peritus or in Southfield, Michigan if initiated by Ethan Bradley.

5. On November 20, 2007, Peritus was the first party to file a Demand for Arbitration seeking a declaratory judgment regarding the parties' respective rights and obligations arising out of the termination of the Solicitation Agreement.

6. Ethan Bradley objected to venue of the arbitration proceeding being held in Los Angeles, California and filed a Demand for Change of Venue with the American Arbitration Association.

7. The American Arbitration Association provided the parties with its list of nine factors that it would consider in relationship to the Motion for Change of Venue.

8. Ethan Bradley and Peritus were each given the opportunity to submit detailed written position statements in support of their positions regarding the proper location for venue in the underlying arbitration.

9. After consideration of the parties' submissions, the American Arbitration Association denied Ethan Bradley's Motion for Change of Venue.

10. The American Arbitration Association has authority under Rule 10 of its rules to determine the proper venue for an arbitration proceeding if the parties cannot agree on same.

11. Upset with the American Arbitration Association's ruling on its Motion for Change of Venue, Plaintiff filed a case in the Oakland County Circuit Court seeking a judicial overturning of the American Arbitration Association's ruling.

12. It would be equally inconvenient for Peritus' witnesses to have to participate in an arbitration proceeding in Michigan as it is for Plaintiff's witnesses to have to participate in an arbitration proceeding in California.

13. Any third party witnesses who would need to participate in the Arbitration proceeding can easily have their testimony preserved through deposition.

14. Federal law under the Federal Arbitration Act as well as Michigan law support the enforcement of forum selection clauses.

15. The arbitration proceeding filed by Ethan Bradley on or about January 23, 2008, in Southfield, Michigan raises the identical issues presented in the earlier filed proceeding arising in Los Angeles, California.

## III. DISCUSSION

**A.    Under Federal Law When The Parties Agree To Binding Arbitration, Any Ruling By The Arbitrator Regarding The Location Of The Proceeding Is Binding Unless It Is Arbitrary, Unreasonable, Or In Manifast Disregard Of Prevailing Law.**

The law is clear that courts enforce the intent of parties as embodied in their agreements to arbitrate. *Scherk v. Alberto-Culver Co.*, 417 US 506, 509 N.W. 1, 94 S.Ct. 2449, 2452 N. 1 (1974). Where the Arbitration Agreement does not identify the forum where the arbitration shall

4

be held, or in the alternative, where there is a bona fide dispute regarding an interpretation of the forum selection clause of an Arbitration Agreement, it is for the arbitrator, in the first instance, to determine the proper location for arbitration. *Matter of arbitration between U.S. Lines, Inc. and Liverpool and London S.S. Protection and Indemnification Association, Ltd.*, 833 F. Supp. 350, 352 (S.D. NY. 1993).

Federal law also recognizes the decision of the arbitrator regarding venue shall be binding unless it is determined the arbitrator either exceeded his authority in selection of the locale or his decision was arbitrary or unreasonable and made in a manifest disregard of the law. *Aerojet-General Corporation v. American Arbitration Association*, 478 F. 2d. 248 (9th Cir. 1973).

In *Aerojet,* a dispute arose between an Ohio corporation with its principal place of business in California and an Israeli corporation with its principal place of business in Israel. The Israeli corporation filed an arbitration proceeding in New York. The Ohio corporation filed a motion for change of venue with the arbitrator but such motion was denied. The parties' agreement was silent as to the location for arbitration so the arbitrator made its determination pursuant to Section 10 of the Commercial Arbitration Rules of the American Arbitration Association which provides as follows:

> **Section 10 Fixing of Locale**
> The parties may mutually agree on the locale where the arbitration is to be held. If the locale is not designated within seven days from the date of filing the demand for submission, the AAA shall have power to determine the locale. Its decision shall be final and binding. If any party requests that the hearing be held in a specific locale and the other party files no objection thereto within seven days after notice of request, the locale shall be the one requested.[2]

---

[2] Rule 10 of the Commercial Arbitration Rules of the American Arbitration Association is still in full force and effect.

5

The arbitrator recognized that although the Israeli corporation filed its Demand for Arbitration in New York, the parties' contract provided that California law would govern their case. The Ohio corporation with its principal place of business in California asserted that venue would be more appropriate in California as California law applies and all of its officers and employees who would be witnesses to the proceeding are located in California. The arbitrator reviewed the information provided in the Motion for Change of Venue but nonetheless, denied the request holding that New York was a good "central location" for conducting the arbitration proceeding and thus, recognized the venue as selected by the Israeli corporation in New York. Defendant filed a Request for Injunctive Relief with the Federal District Court for the Central District of California seeking to enjoin the arbitration proceeding. The District Court entered the requested Injunction and the Israeli corporation appealed.

The Ninth Circuit reversed on appeal holding the arbitrator's determination that New York would be a proper location to hold the proceeding was neither arbitrary nor unreasonable and ordered the injunction be lifted and the matter proceed to arbitration as scheduled in New York. In reaching this decision, the Ninth Circuit recognized the overwhelming authority supporting a private arbitration of claims by parties and recognizing the decisions of the arbitrator should be followed, except under the most extreme circumstances.

> The use of arbitration as a means for settling disputes has been accorded specific congressional endorsement in the Federal Arbitration Act 9 USC §1 et. seq. and should be encouraged by the Federal Courts. It is apparent, therefore, that judicial review prior to the rendition of a final arbitration award should be indulged, if at all, only in the most extreme cases. The basic purpose of arbitration is the speedy disposition of disputes without the expense and delay of extended court proceedings. To permit what is in effect an appeal of an interlocutory ruling of the arbitrator would frustrate this purpose. (*Aerojet,* 478 F. 2d. at 251) (Citations omitted).

6

However, the *Aerojet* court did recognize that Arbitrator's rulings regarding venue are not absolute and were reviewable under extremely limited circumstances.

> On the other hand, a ruling fixing the place for hearing may cause irreparable harm to one or more of the parties. As this Court noted in *Pacific Car & Foundry v. Pence*, 403 F. 2d. 949 (9th Circuit 1968), error in denying a change of venue cannot effectively be remedied on an appeal from the final judgment. Extreme cases can be imagined in which the choice of locale for arbitration is not made in good faith and severe irreparable injury is inflicted on one or more of the parties. In such case, the courts should be free to prevent a manifest injustice.

> . . .

> Only an extreme case could warrant such judicial review, and this emphatically is not such a case.

> . . .

> An arbitration award must be upheld unless it is shown that there was partiality on the part of the arbitrator, or that the arbitrator exceeded his authority, or that the award was rendered in manifest disregard of the law. (*Aerojet,* 478 F. 2d. at 251-252) (Citations omitted).

The Sixth Circuit likewise recognizes that once a decision has been made on a forum selection clause such decision is governed by the "law of the case doctrine" with even greater force than would apply to decisions of substantive law to avoid playing games of "jurisdictional ping pong". *Moses v. Business Card Express, Inc.*, 929 F. 2d. 1131, 1137 (6th Circuit 1991) (citing *Christianson v. Coat*, 486 US 800, 816 (1988).

Thus, while under certain rare and extreme circumstances Federal law does allow a district court judge to overturn the decision of an arbitrator regarding the appropriate location for an arbitration proceeding, such standard of review is limited to reversing the arbitrator's decision when the arbitrator's decision is arbitrary, unreasonable and in manifest disregard of the law. As noted in the materials the parties submitted to the arbitrator in support of and in opposition to Ethan Bradley's Motion for Change of Venue, there was a reasonable basis for the arbitrator to

determine that venue should remain in California so his decision was neither arbitrary nor unreasonable.    As noted below, enforcement of the parties' forum selection clause is not in manifest disregard of the law.

**B.   California Has Jurisdiction Of Plaintiff's Alleged Claim For Breach Of Contract Because The Agreement To Resolve The Dispute In The Forum State Of The First Contracting Party To File A Demand for Arbitration   Was Knowingly Entered Into By Plaintiff, Is Fair And Reasonable Under The Circumstances And California Is Not A Substantially Less Convenient Forum For Resolution Of The Dispute To Plaintiff Than Michigan Would Be To Peritus.**

Paragraph 10.6 of the Solicitation Agreement provides any dispute arising out of it shall be determined under Michigan law.   If the enforcement of the forum selection clause is determined to be a substantive question arising under Michigan Law, rather than a procedural question determined under Federal Law, the arbitrator's selection of California as the proper venue for the proceeding is still made in conformance with governing law.

MCL 600.745(3) provides that personal jurisdiction exists in any state where the parties contractually agree to resolve any future dispute in provided that none of five exceptions arise. Specifically the statute provides:

*(3) If the parties agreed in writing that an action on a controversy shall be brought only in another state and it is brought in a court of this state, the court shall dismiss or stay the action, as appropriate, unless any of the following occur:*

*(a) The court (Michigan) is required by statute to entertain the action.*

*(b) The plaintiff cannot secure effective relief in the other state for reasons other than delay in bringing the action.*

*(c) The other state would be a substantially less convenient place for the trial of the action than this state.*

*(d) The agreement as to the place of the action is obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means.*

*(e) It would for some other reason be unfair or unreasonable to enforce the agreement.*

Based upon the materials submitted by Plaintiff to the American Arbitration Association in its failed attempt to transfer venue from California to Michigan, it appears Plaintiff is relying on subparagraph 3 in support of its claim that Michigan should be the proper forum for arbitration of the dispute.

The question of how to apply the phrase "substantially less convenient" under MCL 600.745(3)(c) was addressed by this Court in *First National Monetary Corp.* v. *Chesney*, 514 F. Supp 649 (1980). In *First National*, two California residents established an account with a brokerage firm whose main office was located within Michigan. The investors lost a substantial amount of money on options triggering a call. When the investors failed or refused to pay the obligation, First National initiated litigation in the United States District Court for the Eastern District of Michigan. The California residents challenged jurisdiction on the ground that Michigan was a substantially less convenient jurisdiction than California for a resolution of the dispute and, because the contract which provided for jurisdiction in Michigan was an adhesion contract. The United States District Court for the Eastern District of Michigan ultimately determined the contract was an adhesion contract as it was a standard boiler plate form of the brokerage house agreement and was not subject to any negotiation by the investors. However, prior to reaching that determination, the court analyzed the question in substantial detail to determine whether Michigan would be a substantially less convenient forum than California for a resolution of the claim.

In support of defendant's position that California was substantially more convenient than Michigan, the investors noted they were residents of the state of California, and their primary contacts was with a branch office of the plaintiff in Irving, California. Furthermore, plaintiffs

9

asserted the contract at issue was signed in California and their primary contract was an account executive at the plaintiff's Irving, California office. In response, plaintiff asserted that five of its six witnesses were Michigan residents. Based upon the relative balancing of the inconvenience to plaintiff of having to go to California to litigate versus the inconvenience of defendants having to come to Michigan to litigate, the court held it was not "substantially less convenient" to use Michigan as the forum state.

Furthermore, any inconvenience the Plaintiff raises at this time against having to arbitrate the instant dispute in California should be disregarded as the inconvenience was recognizable and predictable at the time it agreed to the forum selection clause.

> Moreover, the claimed inconvenience of litigating in Washington should have been apparent to plaintiff when she agreed to the forum-selection clause. Like the Washington Court of Appeals and the United States Supreme Court, we conclude that inconvenience, insofar as it is within the contemplation of the parties at the time of contracting, should not render a forum-selection clause unenforceable. *Turcheck* v. *Amerifund Financial, Inc.* 272 Mich. App. 341, 350, 725 N.W.2d 684, 690 (Mich.App.,2006)

Similarly, we have a contractual agreement to litigate the instant dispute in California since Peritus, a resident of California, was the first to file a demand for arbitration. Under Michigan law the contractual agreement of the parties must be specifically enforced unless this Court finds that California is substantially less convenient than Michigan for arbitration of the dispute. Although California may be substantially less convenient for the plaintiff as a forum state, it is substantially more convenient for Peritus as Peritus' primary witnesses all work and reside in the state of California. California is perhaps an inconvenient place for the arbitration for Plaintiff, but Michigan would be an equally inconvenient place for arbitration for Peritus, thus, Michigan is not a "*substantially*" more or less convenient to the parties as a whole. The location of non-party witnesses does not change the analysis because the testimony of non-party

10

witness may be preserved by deposition[3]. On this basis, the contractual agreement of the parties relative to forum selection must be honored.

## IV.    CONCLUSION

Plaintiff's filing of the declaratory judgment action in the Oakland County Circuit Court was the last desperate attempt of a party trying to escape a contractual agreement it now regrets. The enforceability of arbitration agreements as written is universally recognized along with the authority of an arbitrator to interpret such agreements in the first instance.  Plaintiff agreed to binding arbitration as a manner to resolve any disputes it may have with Peritus.  It availed itself of the opportunity to conduct arbitration by filing a motion for change of venue in the first instance with the American Arbitration Association in California.  Only after that motion was denied does Plaintiff now attempt to avoid its contractual agreement and seek a renewal of its motion for change of venue with another entity.  This is exactly the type of "jurisdictional ping pong" the courts seek to avoid.  It can only be avoided if the parties who resort to it are thwarted in their efforts.  Unless this Court determines the arbitrator's denial of the motion for change of venue was arbitrary, unreasonable and in manifest disregard of the law, it must grant the instant motion for change of venue and return this matter to the American Arbitration Association in California.   Since the arbitrator's decision was rendered only after the parties had a reasonable opportunity to be heard, and each party offered a reasonable argument in support of its position, it has not been shown the arbitrator's decision was arbitrary, unreasonable and in manifest disregard of the law and thus such decision must be upheld.

---

[3] *MJR Intern., Inc. v. American Arbitration Ass'n* Slip Copy, 2007 WL 2781669 S.D.Ohio,2007. September 24, 2007.

11

Respectfully,

SULLIVAN & LEAVITT, P.C.

s/ Paul E. Robinson (P39327)
Attorneys for Defendant
P O Box 5490
Northville, MI  48167
(248) 349-3980

Dated: March 3, 2008

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Hardy, Lewis & Page, P.C.
Peter R. Sarkesian (P32559)
Michael S. Clawson (P35728)

Honorable Sean F. Cox
United States District Court
Eastern District of Michigan
Southern Division

Dated: March 3, 2008

s/ Paul E. Robinson
Paul E. Robinson (P39327)
Attorneys for Plaintiffs
P.O. Box 5490
Northville, MI 48167
(248) 349-3980
pr@sullivanleavitt.com

12