# EXHIBIT D

LAW OFFICES

# HARDY, LEWIS & PAGE, P.C.

401 SOUTH OLD WOODWARD AVENUE, SUITE 400

BIRMINGHAM, MICHIGAN 48009-6629

THOMAS HARDY
A. BART LEWIS
TERENCE V. PAGE
JAMES R. HAND
DAVID M. DAVIS
TIMOTHY K. McCONAGHY *
MICHAEL S. CLAWSON
ALEX L. ALEXOPOULOS *
ROBERT NYOVICH
ANTHONY A. HAISCH
JOHN M. BOYDA
MARK D. FILAK
LISA S. LANE
LIZABETH H. HARDY

TELEPHONE (248) 645-0800
FACSIMILE (248) 645-2602

WAYNE COUNTY OFFICE
1524 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
TELEPHONE (313) 961-8800

COUNSEL
PATRICK J. BRUETSCH
& ASSOCIATES

OF COUNSEL
PETER J. SARKESIAN
ROBERT A. CLEMENTE
RUSSELL G. CARNIAK

* ALSO LICENSED TO
PRACTICE IN OHIO

December 13, 2007

<u>Via Facsimile (559) 490-1919</u>
<u>and U.S. Mail</u>

Ms. Lorena P. Garcia
Senior Case Manager
6795 North Palm Avenue
Second Floor
Fresno, California 93704

Re:   *Peritus I Asset Management, LLC v. Ethan Bradley Advisors, LLC*
      *File No. 72-180 E 01194 07 LOPE*

Dear Ms. Garcia:

In furtherance of my letter to you dated November 29, 2007, and your response on November 30, 2007 and December 4, 2007, please allow the following to serve as the basis by which we are contending that Southfield, Michigan is the most appropriate locale for the arbitration proceeding in this matter. As we have explained, this is a contract dispute between the above identified parties in which Ethan Bradley acted as agent on behalf of Peritus for the purpose of advising, introducing, soliciting and then transferring our client the City of Pontiac General Employees Retirement Police & Fire Retirement System Pension Fund ("Pension Fund") to Peritus, where they would act as investment advisor to the Pension Fund. Ethan Bradley fulfilled its contractual commitment and delivered the Pension Fund to Peritus and Peritus in return was to pay a fee to Ethan Bradley which amounted to more than $125,000.00 per year for at least two years. Peritus breached its agreement by terminating their payments without cause and as a result, Ethan Bradley has been damaged in an amount exceeding $200,000.00. Peritus has not incurred any damages. We believe the following factors mandate a change of venue to Michigan:

A.    Location of the Parties:

The contract specifically permits the injured party, Ethan Bradley, to bring its action at the Southfield, Michigan office of the AAA. While Peritus is located in the Los Angeles area, Ethan Bradley is a Michigan Limited Liability Company located in Troy, Michigan, a nearby city to Southfield, Michigan. In addition, the client or account over which this action arises is the City of Pontiac General Employees Retirement System Police & Fire Retirement System Pension Fund. The City of Pontiac is also nearby Southfield, Michigan.

Lorena P. Garcia
Senior Case Manager
December 13, 2007
Page 2.

B.      Location of Witnesses and Documents:

Virtually all of the witnesses and documents are located in Southeastern Michigan. Ed Robie, Ram Gunabalan, M.D., Brian Brown, Ed Taylor and Ralph Binggeser – all officers and/or managing directors of Ethan Bradley – are located in Southeastern Michigan as is the Administrative Assistant for Ethan Bradley, Kelly LaTour. More importantly, the people who will be key witnesses in this dispute, the officers and trustees of the Pontiac Pension Fund, whose number exceeds ten (10) individuals, are all located in close proximity to the Southfield, Michigan AAA office. Finally, all of the original and draft documents that support Ethan Bradley's claims for damages are located in the immediate vicinity of the Southfield, Michigan AAA office. The only witnesses from Peritus who were involved in any aspect of negotiation with Ethan Bradley or the Pontiac Pension Fund were Dave Desmond and Timothy Gramatovich. Mr. Gramatovich actually came to Pontiac, Michigan to make a presentation to the Pension Fund on behalf of Peritus.

C.      Location of Site:

Similarly, Michigan is the site of the Pension Plan and was the place where the Solicitation Agreement originated and was executed.

D.      Relative Cost to the Parties:

Given the number of witnesses that are located in Southeastern Michigan (in excess of fifteen), and the fact that most of the documents are here, the cost to Ethan Bradley of pursuing this case in California would be prohibitive. In addition, Ethan Bradley will be filing the primary claim which we contend will be the real cause of action between these parties necessitating that venue be moved to Michigan.

E.      Place of Performance of Contract:

The Solicitation Agreement in effect between the parties was wholly performed in Michigan. In addition, the customer – The City of Pontiac Pension Fund – was and remains located in Michigan.

F.      Applicable Laws:

Paragraph 10.6 of the Solicitation Agreement provides that Michigan law shall govern the interpretation and enforcement of the Contract. This will be a significant factor when obtaining an arbitration panel with knowledge of Michigan law.

G.      Place of Previous Court Actions:

There is no previous Court action between the parties.

Lorena P. Garcia
Senior Case Manager
December 13, 2007
Page 3.

H.    Necessity of On-Site Inspection:

It is expected that documents relating to the Pension Fund, and the minutes of their meetings which support their decision to follow the recommendation of Ethan Bradley and transfer their fund to Peritus, will be necessary to a determination of this case and all of this material is located in Southeastern Michigan.

I.    Other Reasons for Changing Venue:

The Respondent believes there are other reasons for changing the venue from California to Michigan. Most notably, Respondent maintains that Peritus only filed this action in California as a pre-emptory measure in order to prevent Ethan Bradley from filing its Complaint in Michigan. This contention is supported by correspondence which was sent by Ethan Bradley's counsel to Peritus on November 1, 2007, a copy of which is attached hereto. In that letter Ethan Bradley clearly indicates that unless a resolution is reached by the parties prior to November 16, 2007, Ethan Bradley would proceed to litigation. Interestingly, Peritus, through its attorney, contacted Ethan Bradley's attorney to discuss settlement on November 19, 2007 and when told that the de minimis offer of settlement made by Peritus was not likely to resolve the matter he then filed a Claim for Arbitration with the California office of AAA the very next day.

Moreover, it is clear from reviewing Peritus' Claim that it is without merit. Peritus cancelled its Agreement with Ethan Bradley and is now refusing to pay Respondent its commission for obtaining the City of Pontiac Pension Fund as Peritus' customer. The Claim filed by Peritus states no cause of action and no damages. Conversely, Ethan Bradley is owed its commission which, on an annual basis, amounts to more than $125,000.00 per year, plus other damages as a result of Peritus cancelling the contract.

Based upon these factors, it is evident that Ethan Bradley fully intended on initiating an action in Michigan and was pre-empted in doing so by Peritus while it believed it was negotiating in good faith. The only legitimate claim here belongs to Ethan Bradley and should be brought and litigated in Michigan where all witnesses and all documents are located and where the claim arose. For all of these reasons, Respondent maintains that Southfield, Michigan is the proper venue for any action between these parties, and requests the AAA remove the case from California to Southeastern Michigan.

Very truly yours,

HARDY, LEWIS & PAGE, P.C.

Peter J. Sarkesian

PJS/big
Enclosure
00203094.WPD
cc:    G. Brannan, Esq.