# EXHIBIT E

Case 2:08-cv-10768-SFC-RSW ECF No. 2-7, PageID.84 Filed 03/03/08 Page 2 of 4

# BRANNAN LAW OFFICES

16501 Ventura Boulevard
Suite 401
Encino, CA 91436
(818) 789-2577 Telephone
(818) 789-3391 Facsimile
December 14, 2007

BY FACSIMILE (559)490-1919
Lorena Garcia
Senior Case Administrator
AMERICAN ARBITRATION ASSOCIATION
6795 North Palm Avenue
2nd Floor
Fresno, CA 93704

BY FACSIMILE (248)645-2602
Peter Sarkesian, Esq.
Hardy, Lewis & Page, P.C.
401 South Woodward Avenue, Suite 400
Birmingham, Michigan 48009-6629

> Re: 72180E 01194 07 LOPE
> Peritus I Asset Management, LLC
> vs.
> Ethan Bradley Advisors, LLC

Dear Ms. Garcia and Mr. Sarkesian:

This letter is responsive to the correspondence dated November 30, 2007 from the AAA to me regarding the appropriate venue. I am, quite frankly, shocked that it would even be raised as an issue in light of the express contractual agreement between the parties contained in Section 9.2 of the contract, which states:

"The parties agree that any arbitration under the Agreement shall be held at the facilities of and before the American Arbitration Association at its Southfield, Michigan location, if the action is brought by EB Advisors, or at its Los Angeles, California location if action is brought by Peritus."

Furthermore, the integration clause of the contract, which is found at Section 10.8, states:

"This Agreement...supersedes all previous agreements and understandings all previous agreements and understandings, written or oral, between the parties and pertaining to, and constitutes our entire agreement with respect to the subject matter hereof."

Letter to Lorena Garcia (AAA) and Peter Sarkesian, Esq.
Page 2 of 3
12/14/2007

Therefore, the four corners of the document is the extent of the analysis for venue, and there is an express contractual provision for jurisdiction in Los Angeles if the action was filed by Peritus, which was clearly the case. The only possible conclusion is that, by express agreement between the parties, this case should be domiciled in Los Angeles. The failure of EB Advisors to live up to the other provisions of their contractual obligation, in much the same way that they are seeking to do here by challenging venue, was the unfortunate reason that Peritus had to file this arbitration in the first place.

Given the five page maximum limitation on the response, I am only enclosing the relevant pages of the Contract, but I have e-mailed the entire contract to Ms. Garcia for the AAA's review.

Furthermore, this letter constitutes notice that Peritus seeks indemnification pursuant to Paragraph 6.1 of the Contract from EB Advisors for the expense, including legal fees and costs, of having to defend this challenge to jurisdiction in light of the express contractual provision that venue is appropriate in Los Angeles, which constitutes a breach by EB Advisors, the Indemnifying Party.

Notwithstanding the provision in the contract, pursuant to Ms. Garcia's letter, I will go through the balance of the factors that would be relevant in the absence of the express contractual provision in this instance:

1.) Location of Parties- Peritus is in California, EB Advisors is in Michigan

2.) Location of Witnesses and Documents- Much of the communication is internet based; however, Peritus has most of the hard copies of original documentation in California because EB Advisors never performed under their obligation to complete reports for the clients, so Peritus had to do it for them. Therefore, Peritus asserts that most of the documentation is in California. In addition, there are at least three witnesses in California who would have to travel to Michigan in order to have this matter heard. Therefore, venue favors California.

3.) Location of site or place or materials: The contract involved a solicitation arrangement between the parties, so the site, or place, or materials are approximately split.

4.) Consideration of relative cost to the parties: in light of the three witnesses here in California that would have to travel to Michigan if venue were to be transferred, and the business disruption occasioned by that travel, and the greater expense of having California counsel fly to Detroit (as opposed to the other way around) since California counsel is typically at a higher rate per hour on average, the economics appear to favor California.

Letter to Lorena Garcia (AAA) and Peter Sarkesian, Esq.
Page 3 of 3
12/14/2007

5.) Place of performance of the contract: Peritus' performance was within the State of California, and the location of Ethan Bradley's performance was unclear since it could solicit clients wherever licensed to so solicit. Furthermore, to the extent that Peritus prepared the reports that were supposed to be done by EB Advisors, performance was in California.

6.) Laws applicable to the contract: there are several bodies of federal law applicable to the contract due to the nature of EB Advisor's Role as an investment counselor, which is heavily regulated by the federal government. To the extent that it does not conflict with any federal law, regulation or rule, including, without limitation, the Advisers Act, then the contract calls for the application of Michigan law.

7.) Place of previous court actions: there have been no previous court actions relating to this contract.

8.) Necessity of an on-site inspection of the project: there is no necessity for an on site inspection. Furthermore, there is no real site to inspect.

9.) Any other reasonable arguments that might affect the locale determination: See, above, the fact that EB Advisors expressly agreed to the Los Angeles venue if Peritus brought the action, which it did. It is almost unfathomable that EB Advisors is asking the AAA to ignore an express agreement of the contract. They agreed to it, and it is as simple as that. Venue is appropriate in Los Angeles by virtue of the binding consent of the parties.

Thank you for your anticipated professional courtesy and cooperation. I look forward to working on the resolution of this entire matter, here in California. Peter, please let me know if you would like some hotel recommendations in the area.

Sincerely yours,
BRANNAN LAW OFFICES

G. Bryan Brannan, Esq.