UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ethan Bradley, Advisors, LLC,
a Michigan limited liability company,

      Plaintiff,

v.                                                                  Case No.: 08-10768

Peritus I Asset Management, LLC,                    Honorable Sean F. Cox
a California limited liability company,

      Defendant.

_____/

## ORDER TO SHOW CAUSE

Plaintiff Ethan Bradley, Advisors, LLC ("Plaintiff") filed this action against Defendant

Peritus I Asset Management, LLC ("Defendant") in state court on or about January 23, 2008.

Defendant then removed the action to this Court, asserting that this Court has federal question

jurisdiction pursuant to 28 U.S.C. §1331.  (*See* Notice of Removal at ¶ 4).

"[F]ederal courts have an independent obligation to investigate and police the boundaries

of their own jurisdiction."  *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir.

1998).

"District courts have federal question jurisdiction of cases 'arising under the

Constitution, laws or treaties of the United States.'"  *American Fed'n of Television and Radio*

*Artists v. WJBK-TV,* 164 F.3d 1004, 1007 (6th Cir. 1999)(Quoting 28 U.S.C. §1331)).  In order

to establish federal question jurisdiction, a federal question must be disclosed upon the face of

the complaint, unaided by the answer.  *Ford v. Hamilton Investments, Inc.*, 29 F.3d 255, 258 (6th

Cir. 1994).  Here, the state court complaint does not appear to disclose a federal question.

The Court notes that in its Notice of Removal, Defendant contends that this Court has federal question jurisdiction over this action because the issues in this case arise "under Federal Law pursuant to the American Arbitration Act 9 USC 1 et seq." (*Id*. at ¶ 12).  Merely referring to a federal statute, even in a complaint, however, does not establish federal jurisdiction if the dispute does not involve a substantial question of federal law.  *Ford*, 29 F.3d at 258.  Moreover, "it is well established that the Federal Arbitration Act does not create any independent federal question jurisdiction." *American Fed'n of Television and Radio Artists,* 164 F.3d at 1007*; see also Ford, supra.[1]*  Accordingly, the Court will order Defendant to show cause why this case should not be dismissed for lack of federal question jurisdiction.

The Court further notes that Defendant has asserted, in its recently filed Motion for Change of Venue, that this Court alternatively has diversity jurisdiction over this action.  (*See* Def.'s Motion for Change of Venue at 2 n.1).  Even if Defendant's Notice of Removal had asserted that this Court has diversity jurisdiction, however, the Court would not have sufficient information to determine if diversity jurisdiction exits.

Under 28 U.S.C. §1332(a), the two requirements for diversity jurisdiction are: 1) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and 2) that complete diversity of citizenship exists between the disputing parties.

Defendant has not properly alleged the citizenship of the two parties in this action, which are both limited liability companies.  For purposes of diversity jurisdiction, a "limited liability company is not treated as a corporation." *Homfeld II, LLC v. Comtair Holdings, Inc*., 53 Fed. Appx. 731 (6th Cir. 2002).  Rather, a limited liability company "has the citizenship of its

---

[1]In addition, the underlying contract that contains the arbitration provision at issue expressly provides that the contract "shall be governed by, and construed in accordance with, the laws of the state of [Michigan]."  (*See* Ex. B to Def.'s Notice of Removal).

members." *Id.*  Here, Defendant has failed to properly allege the citizenship of the parties because it has not identified the citizenship of the members of each party.

Moreover, the Court notes that the American Arbitration Association has estimated the value of the underlying claim to be $10,000.00.  (*See* Ex. B to Def.'s Motion for Change of Venue at 1).  Thus, the Court has serious doubts as to whether Defendant could establish that the matter in controversy meets the jurisdictional threshold of $75,000.00.

Accordingly, Defendant is **ORDERED TO SHOW CAUSE, in writing, on or before April 16, 2008, why this case should not be dismissed for lack of subject matter jurisdiction.**

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  April 10, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 10, 2008, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager